UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHEN MORETTO,

      *Plaintiff*,

v.                                                                    Case No. 3:26-cv-112-JEP-SJH

RICKY DIXON, et al.,

      *Defendants*.

_____/

## **ORDER**

Plaintiff, Stephen Moretto, an inmate of the Florida Department of Corrections (FDC), initiated this action *pro se* by filing a complaint for the violation of civil rights (Doc. 1) in the Ocala Division of this Court. The assigned magistrate judge granted Plaintiff's motions to proceed *in forma pauperis* and to amend his complaint. *See* Order (Doc. 8).[1] Thereafter, the assigned district judge struck Plaintiff's first amended complaint (Doc. 9) as an improper shotgun pleading but granted him leave to amend. *See* Order (Doc. 12). Upon review of Plaintiff's second amended complaint (Doc. 19), the Ocala Division

---

[1] Plaintiff sought leave to file an amended complaint so he could include allegations of "imminent danger" to overcome the three-strikes bar. *See* Order (Doc. 12). In granting Plaintiff's motion to proceed *in forma pauperis*, the Court implicitly concluded he was not a three-strikes litigant. The Fort Myers Division previously concluded he was. *See* Case No. 2:25-cv-675-SPC-KCD. Whether Plaintiff is a three-strikes litigant is not an issue this Court must address.

transferred the case to the Jacksonville Division because Plaintiff complains of events that occurred at the Reception and Medical Center West (RMC), which is in Union County, Florida. *See* Order (Doc. 20). Despite that the Ocala Division transferred the case here, this Court has an independent obligation to review the sufficiency of Plaintiff's second amended complaint. In doing so, the Court concludes that Plaintiff has failed to comply with the Order directing him to submit a proper complaint in compliance with Federal pleading standards. *See* Order (Doc. 12).

A district court has discretion to dismiss a plaintiff's action for his failure to comply with the Federal Rules of Civil Procedure or a court order. *See* Fed. R. Civ. P. 41(b); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Even though courts hold *pro se* litigants "to a less stringent standard than . . . attorneys," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), *pro se* litigants still must conform to procedural rules, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

When a *pro se* plaintiff is given an opportunity to conform to procedural rules and cure a deficient complaint but fails to comply with a court's "clear description of what [his] complaint should contain," the court does not abuse

2

its discretion in dismissing the action under Rule 41(b). *See Tanner v. Neal*, 232 F. App'x 924, 924 (11th Cir. 2007) (citing *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983)); *see also Powell v. Harris*, 628 F. App'x 679, 680 (11th Cir. 2015) (holding the district court did not abuse its discretion by dismissing the case without prejudice for the *pro se* plaintiff's noncompliance with the court's instructions to file a proper complaint); *Duong Thanh Ho v. Costello*, 757 F. App'x 912, 914–15 (11th Cir. 2018) (same); *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1125–26 (11th Cir. 2017) (explaining that the plaintiffs filed "substantially similar complaints" after the district court "clearly instructed" them to "explain their grounds for joinder").

Despite the Court's "clear description of what [the] complaint should [and should not] contain," *see Tanner*, 232 F. App'x at 924, Plaintiff has failed to cure the three major pleading deficiencies that plagued his first amended complaint and made it burdensome to identify "the grounds upon which each claim rests." S*ee* Order (Doc. 12) at 7. First, as before, Plaintiff's allegations are not short and plain but rather presented as a rambling narrative spanning sixty numbered paragraphs chronicling events that occurred between 2021 and 2025 at Sumter Correctional Institution, Okeechobee Correctional Institution, RMC, South Florida Reception Center, and Charlotte Correctional Institution.

*See* Doc. 19 at 6.[2] Second, as before, Plaintiff incorporates by reference all his factual allegations into each of his claims. *See id.* at 20–25. Finally, as before, Plaintiff joins multiple, unrelated claims based on conduct that occurred at different times and at different institutions, each located in different districts and divisions. *See id.* at 6, 20–25.

The Court previously advised Plaintiff that if he "wishes to pursue his claims against the defendants named . . . he should initiate separate actions in the appropriate federal district courts as they are not properly joined in this case." *See* Order (Doc. 12) at 10. Not only has Plaintiff not complied with this directive (and others), but in his second amended complaint, he names more Defendants and states more claims than he did in the first amended complaint—eleven, as opposed to five. *See* Doc. 19 at 2–4, 20–25. Even though Plaintiff's separate claims against the eleven Defendants relate to injuries that arose from or were exacerbated by a series of similar accidents (*i.e.*, falling because of slippery floors and improper shoes), they are based on separate incidents that occurred at separate institutions and, thus, may not be joined in

---

[2] Plaintiff complains that he slipped and fell numerous times, at different institutions, and prison medical providers did not provide the treatment he wanted, delayed treatment, or denied recommended treatment based on a Centurion policy. *See generally* Doc. 19. He attributes his falls to slippery floors and "defective" state-issued shoes ("crocs"). *Id.* He seeks to bring deliberate indifference claims, but he also asserts general negligence claims (for failing to protect him from harm and failing to issue him proper shoes). *See id.* at 20–25.

one complaint.[3] *See* Fed. R. Civ. P. 20(a)(2). In other words, alleging a similarity in the circumstances giving rise to separate claims does not demonstrate that those separate claims "arose out of the same . . . series of transactions or occurrences." *See Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 859–60 (11th Cir. 2010) (concluding the separate incidents of which the plaintiff complained were not properly joined in one complaint even though the plaintiff alleged the separate incidents, occurring on different dates, demonstrated the defendants' "overall indifference to his medical conditions").

Plaintiff has been afforded an opportunity to file a proper complaint but has failed to do so. Indeed, it does not appear he even attempted to conform to Federal pleading standards, which the Court explained to him in detail. *See* Order (Doc. 12).[4] In fact, he acknowledges that he seeks relief for injuries

---

[3] Many of the claims Plaintiff seeks to assert are not plausible under 42 U.S.C. § 1983. For instance, as he has previously been informed, a disagreement with medical treatment is not a constitutional violation. *See Moretto v. Wilson*, Case No. 2:23-cv-880-JES-KCD (M.D. Fla. Mar. 4, 2024). Similarly, negligence is not actionable under § 1983 as an Eighth Amendment violation. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991) ("To be cruel and unusual punishment, conduct … must involve more than ordinary lack of due care for the prisoner's interests or safety." (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986))); *see also Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding a prisoner failed to state a claim under § 1983 where he alleged he slipped on a pillow a guard negligently left on a stairway).

[4] Notably, Plaintiff attempted to raise these same (or similar) claims in the Fort Myers Division in 2023, and the Court informed him that he could not join multiple, unrelated claims in one civil rights complaint. *See Moretto*, Case No. 2:23-cv-880-JES-KCD (explaining that Plaintiff could not "tether the medical claims . . . to his claims of defective shoes and slippery paint by alleging that the worn-out crocs and paint caused him to fall" because the incidents that caused his injuries—slipping

"caused from multiple falls on different FDC compounds over the last four years." *See* Doc. 19 at 20–21. Because Plaintiff has failed to comply with the Court's directives to set forth his allegations and claims plainly and not join multiple, unrelated claims, this case will be dismissed without prejudice. If Plaintiff wants to pursue any plausible claims against a particular Defendant or Defendants, he may do so by initiating a new action.

Accordingly, it is now **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED** without prejudice.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close this case.

3. The **Clerk** shall send Plaintiff a blank civil rights complaint (prisoner) form. If Plaintiff chooses to refile his claim, he should use the form but not put this case number on it. The Clerk will assign a new case number if Plaintiff chooses to initiate a new case.

**DONE AND ORDERED** in Jacksonville, Florida, on March 13, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

---

on wet floors while wearing improper shoes—were "irrelevant to the medical defendants' alleged deliberate indifference to those injuries").

Jax-6
c:
Stephen Moretto